UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMIAH CORBIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:22-cv-00085-JPH-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Granting Motion to Dismiss,
Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

Now before the Court is the United States' motion to dismiss petitioner Jeremiah Corbin's second motion to vacate pursuant to 28 U.S.C. § 2255. For the reasons that follow, Mr. Corbin's second petition is **dismissed** for lack of jurisdiction, and a Certificate of Appealability **shall not issue**.

### I. Legal Standard

Federal district courts may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2255 when a prisoner demonstrates their sentence "was imposed in violation of the Constitution or laws of the United States, or that the [sentencing] court was without jurisdiction to impose such a sentence, or that the sentence [imposed] was in excess of the maximum authorized by law, or [that their sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255. District courts are authorized to screen and, if necessary, dismiss petitions that lack merit. *See* Rule 4(b) of Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party).

1

## II. Background

In 2009, Mr. Corbin pleaded guilty to one count of conspiracy to distribute in excess of 500 grams of methamphetamine (mixture) and two counts of being a felon in possession of a firearm. *United States v. Corbin*, No. 2:08-cr-14-JPH-CMM-8, dkt. 476 (S.D. Ind.). Mr. Corbin was sentenced to 262 months' imprisonment. *Id.* at dkt. 535. Mr. Corbin appealed, but his appeal was dismissed. *Id.* at dkt. 629.

In 2015, Mr. Corbin filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 576 U.S. 591 (2015), his sentence was unconstitutionally enhanced. *Corbin v. United States*, No. 2:15-cv-338-WTL-MJD (S.D. Ind.). That motion was dismissed. *Id.*

Mr. Corbin then filed the present § 2255 motion without obtaining permission from the Seventh Circuit to file a successive § 2255 motion.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places restrictions on successive motions under 28 U.S.C. § 2255. *See Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also In re Davenport*, 147 F.3d 605 (7th Cir. 1998). One of these restrictions is that a defendant usually only gets one opportunity under § 2255 to bring a challenge to their sentence, *see Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018), so long as the merits of the petition are ruled on. *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999); *see also* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). After that, district courts lack jurisdiction to hear successive petitions, and the defendant can only proceed if they obtain permission from the Court of Appeals. *Adams*, 911 F.3d at 403 ("[AEDPA] requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255."); *In re Page*, 170 F.3d at 661 ("A

district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing."); *Nuñez*, 96 F.3d at 991 ("No matter how powerful a petitioner's showing, only [the Court of Appeals] may authorize the commencement of a second or successive petition.").

Here, the United States argues that Mr. Corbin's second § 2255 petition must be dismissed for lack of jurisdiction. He previously filed a § 2255 petition, the Court denied that motion on the merits, and Mr. Corbin has not obtained permission from the Seventh Circuit to pursue a second or successive petition. The petition now before the Court must therefore be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2255(h); § 2244(b)(3)(A); *see also In re Page*, 170 F.3d at 661.

### IV. Conclusion

For those reasons, the motion to dismiss, dkt. [14], is **granted**. This action is **dismissed for lack of jurisdiction**. Judgment consistent with this Order shall now issue and **a copy of this Order shall be docketed** in No. 2:08-cr-14-JPH-CMM-8. The motion to vacate in the underlying criminal action, Crim. Dkt. [791], shall also be **terminated**.

### V. Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Petitioner has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 3/27/2023

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEREMIAH CORBIN
09126-028
LEE - USP
LEE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov